THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| v. | | Crim. No. PX-16-305 |
| | * | |
| **Eric Coles,** | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Eric Coles is serving a 120-month prison term after having pleaded guilty to one count of armed robbery, in violation of 18 U.S.C. § 1951(a), and one count of using, carrying or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Pending before the Court is Coles' motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c) and in light of the COVID-19 pandemic. ECF No. 86. Coles has supplemented the motion. ECF Nos. 88, 91, and the Government has not responded. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the motion is denied.

On May 11, 2017, Coles pleaded guilty to having committed several armed robberies. ECF Nos. 43, 44, & 53 (PSR) ¶¶ 8-13. After conducting a full hearing, the Court sentenced Coles to a total prison term of 120 months, followed three years of supervised release. ECF No. 84.

Coles argues that release is warranted first, because he fears severe health outcomes stemming from contracting COVID-19, and second, because he is concerned for the welfare of his aging grandmother and his five children. ECF No. 86 at 4; ECF No. 88; ECF No. 91 at 3. More particularly, Coles points to the lengthy periods of lockdown arising from BOP's

1

efforts to contain the pandemic as bringing about "irregular heartbeats," of unknown origin. He also admits that he has already caught the virus twice. ECF No. 88 at 5; ECF No. 91. According to Coles' Pre-sentence report, he enjoyed good physical health at the time of his sentencing. ECF No. 53. Coles also did not append any medical records to document any of his averred medical conditions. He is due to be released from custody on June 21, 2025. *See* www.bop.gov/inmateloc/ (last visited December 27, 2022),

The Court's power to modify a defendant's sentence is governed exclusively by 18 U.S.C. § 3582. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating that a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification]."). Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under certain limited circumstances to include where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c).

Where a court modifies a sentence based on "extraordinary and compelling reasons" akin to the relief Coles seeks, it can only do so "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A).

If the Bureau of Prisons does not bring such a motion, a defendant may petition the Court for relief on the grounds that extraordinary and compelling reasons warrant release. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 6, 2020). An inmate may demonstrate extraordinary and compelling circumstances

if he suffers from known physical conditions that present a heightened risk for severe adverse outcomes if infected with COVID-19, and that the facility in which he is housed presents a comparatively higher risk of exposure than ordinarily experienced by the general public. *See United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). *See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020).

If the Court determines that such extraordinary and compelling reasons have been established, it must next consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

On this record, Coles has not demonstrated that he suffers from any particularly serious illness such that exposure to COVID is of exceptional concern. Coles has included no medical records to support that he suffers from any particular risk factors; and even though he has regrettably contracted the virus twice, he avers nothing that suggests his illness had been particularly severe. ECF No. 91 at 3. Nor does Coles' concern for his family's welfare alone justify granting relief. While understandable, these concerns are an all too routine consequence of prison. In short, Coles has failed to provide any extraordinary and compelling circumstances warranting compassionate release.

Alternatively, even if Coles could demonstrate as much, the § 3553(a) factors counsel against release. Coles was sentenced for having committed multiple armed robberies. His advisory guideline range on the robberies alone was 84 to 105 months' incarceration,

followed by an 84-month consecutive sentence pursuant to 18 U.S.C. § 924(e). ECF No. 53 ¶ 99. After careful consideration of the § 3553(a) factors, the Court awarded a substantial downward variance to 120 months' incarceration. The current record simply does not support further reduction.

To be sure, the Court credits and congratulates Coles on his positive programming while incarcerated. He has completed drug awareness, parenting, and "values enhancement" courses, and has become certified in forklift operation. ECF No. 91-2 at 5-8. But even considering these positive efforts, the current sentence must remain in place to also account for the seriousness of the offense, as well as the need to promote respect for the law and protect the public.

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that the Motion for Compassionate Release (ECF No. 86) be DENIED.

Date:  December 28, 2022

                                                                  /S/
                                        PAULA XINIS
                                        United States District Judge